UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                          CASE NO.: 6:03-bk-11195-KSJ

TRIMBLE, JACK B.
AKA JACK BENJAMEN TRIMBLE

      Debtor.

_____/

DEBORAH HUFF,

      Plaintiff,                          ADV. NO.

v.

JACK B. TRIMBLE,

      Defendant,

_____/

**FILED**

JAN 3 0 2004

CLERK U.S. BANKRUPTCY
COURT ORLANDO, FL

_9446348_
_CW 150_

COMPLAINT OBJECTING TO DISCHARGE AND DISCHARGEABILITY OF CERTAIN DEBTS OF THE
DEBTOR

      COMES NOW, DEBORAH J. HUFF, a creditor in the above styled case, by and through her

undersigned attorney, and files this Complaint Objecting to Discharge and Dischargeability of Certain

Debts of the Debtor and states the following:

    1.   The Defendant filed Chapter 7 bankruptcy on September 24, 2003.

    2.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. Section 1334 and Section 157.

COUNT ONE

Plaintiff sues Defendant, Jack B. Trimble pursuant to 11 U.S.C. Section 727 (a) (2) and (a) (4),

objecting to the discharge of the Defendant and alleges as follows:

    3.   The allegations of paragraphs 1 and 2 are incorporated herein as if fully set forth herein.

    4.   The Defendant concealed property of the Defendant within one year before the date of filing

      of the petition and after the date of filing the petition as follows:

a). The Defendant failed to disclose his interest in Trimble Marr Entertainment, Inc. on Schedule B, a corporation which does business as a pizza restaurant operated by the Defendant.

b). The Defendant failed to disclose any personal belongings or even clothing on Schedule B of his petition.

c). The Defendant failed to disclose any property owned by anyone else living within his household if in fact he does not own any of the household goods or any other personal belongings in his Statement of Financial Affairs.

d). The Defendant failed to disclose any income or even any household expenses in his Schedules.

5. The Defendant concealed the above assets and failed to disclose the above information with the intent to hinder, delay, and defraud his creditors.

6. The Defendant made false oaths and accounts in the Schedules and Statement of Financial Affairs that he signed under penalty of perjury in connection with this case.

WHEREFORE, Plaintiff requests that the Court enter a Judgment for the Plaintiff and against the Defendant, denying his discharge and awarding the fees and costs of this action to the Plaintiff.

<u>COUNT TWO</u>

Plaintiff sues Defendant, Jack B. Trimble pursuant to 11 U.S.C. Section 523 (a) (5), objecting to the discharge of certain debts of the Defendant and alleges as follows:

7. The allegations of paragraphs 1 and 2 are incorporated as if fully set forth herein.

8. The day before the Defendant filed Chapter 7, the Plaintiff obtained an Order in Osceola County Circuit Court on a Motion for Contempt, Sanctions and Attorney Fees related to the enforcement and collection of a debt arising out of the Plaintiff and Defendant's Marital Settlement Agreement and Final Judgment of Dissolution of Marriage, copies of which are attached hereto as Exhibit "A" and "B" and "C", respectively.

9.  The parties were married in 1983 and later divorced in Osceola County, Florida on August 25, 1999.

10.  Under the terms of the Marital Settlement Agreement, the Defendant became obligated to pay the second mortgage on the parties' former marital home to First Federal/Osceola.  The terms of the Agreement were incorporated into the Final Judgment.

11.  The Agreement divided the parties' property, including a home and business, and the parties' debts.

12.  Under the terms of the Agreement, the Plaintiff received the parties' former marital home and the Defendant received all rights to the parties' business, a pizza restaurant.

13.  The Agreement also gave the Plaintiff alimony payments for a period of time after the divorce.

14.  The Defendant has failed to make the second mortgage payments to First Federal/Osceola, which obligated the Plaintiff to make those payments.

15.  On March 26, 2002, the Plaintiff sold the former marital home, which required her to pay off the second mortgage to First Federal/Osceola in the amount of $6,341.37.  A copy of the closing statement from this sale is attached as Exhibit "D".

16.  Defendant seeks to discharge his responsibility for this obligation in this bankruptcy.

17.  The Defendant's obligation for this debt is non-dischargeable under 11 U.S.C. Section 523(a)(5), as it is in the nature of alimony, maintenance or support of the Plaintiff.

18.  The Plaintiff became obligated to pay attorney fees in the enforcement proceeding in the Osceola County Circuit Court in the amount of $2,223.00.  These fees are also nondischargeable.

19.  The Plaintiff also has incurred attorney's fees with regard to this proceeding, which the Defendant should be required to pay.

WHEREFORE, Plaintiff requests a Judgment against the Defendant denying the discharge of the debt to Plaintiff for the second mortgage, awarding attorney fees from the state court action and fees and costs for this action.

-3-

## COUNT THREE

Plaintiff sues Defendant, Jack B. Trimble, pursuant to 11 U.S.C. Section 523 (a) (15) objecting to the discharge of certain debts of the Defendant and alleges as follows.

20.  The allegations of paragraphs 1, 2, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 18 are incorporated herein as if fully set forth herein.

21.  The Defendant has the ability to pay the debt in question.

22.  The discharge of this debt would not result in a benefit to the Defendant which would outweigh the detrimental consequences to the Plaintiff.

23.  The Plaintiff has incurred attorney fees and costs for this proceeding which the Defendant should be required to pay.

WHEREFORE, the Plaintiff requests that this Court enter a Judgment for the Plaintiff against the Defendant denying the discharge of the debt to Plaintiff for the second mortgage, awarding attorney fees from the state court action and fees and costs in this proceeding.

Respectfully submitted,

STEPHEN R. CAPLAN, ESQ.
31 North Hyer Avenue
Orlando, Florida 32801
(407) 872-6249 / fax 425-1501
FBN 835153
Attorney for Plaintiff

-4-

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND
FOR OSCEOLA COUNTY, FLORIDA

IN RE:  THE FORMER MARRIAGE OF          CASE NO:  99-1471-DS

DEBORAH J. TRIMBLE,
n/k/a DEBORAH J. HUFF,
    Petitioner/Former Wife,
and

JACK BENJAMIN TRIMBLE,
    Respondent/Former Husband.
_____/

### ORDER ON MOTION FOR CONTEMPT; MOTION FOR SANCTIONS; MOTION TO STRIKE AND MOTION FOR ATTORNEY'S FEES

THIS CAUSE having come before the Court on the Petitioner/Former Wife's Motion for Contempt; Motion for Sanctions; Motion to Strike and Motion for Attorney's Fees and the Court having reviewed the Court file and being otherwise duly advised in the premises, the Court finds as follows:

1.    On July 31, 2003, this Court entered an Order that the Respondent/Former Husband, JACK BENJAMIN TRIMBLE, was to answer the Interrogatories served May 29, 2003 and pay attorney's fees of THREE HUNDRED ($300.00) DOLLARS unless an objection was filed by the Respondent within twenty (20) days of entry of that Order.

2.    The Respondent/Former Husband has failed to file an objection to the Order of this Court dated July 31, 2003.

3.    The Respondent/Former Husband has failed to answer the Interrogatories served May 29, 2003.

4.    The Respondent/Former Husband has failed to pay the attorney's fees of

Exhibit "A"

THREE HUNDRED ($300.00) DOLLARS.

5.    On September 3, 2003, this Court entered an Order to Show Cause on the Motion for Contempt; Motion for Sanctions; Motion to Strike and Motion for Attorney's Fees filed by the Petitioner/Former Wife.

6.    The Order gave the Respondent/Former Husband fifteen (15) days from September 2, 2003 to file a written response as to why the above Motions should not be granted.

7.    The Respondent/Former Husband has not filed a response to the Order.

8.    The Court finds the Respondent/Former Husband in willful contempt of this Court's prior Order that he respond to the Interrogatories or file a response to that Order.   It is thereupon considered

ORDERED AND ADJUDGED as follows:

A.    The Petitioner/Former Wife's Motion for Contempt; Motion to Strike; Motion for Sanctions and Motion for Attorney's Fees are hereby GRANTED.

B.    The Respondent/Former Husband's Answer filed in this matter is hereby stricken.

C.    The Petitioner/Former Wife is GRANTED additional attorney's fees of THREE HUNDRED FIFTY ($350.00) DOLLARS.

D.    The Respondent/Former Husband, JACK BENJAMIN TRIMBLE, shall pay directly to the Petitioner/Former Wife's counsel the sum of $650.00 as and for attorney's fees within _/_5__ days of this Order.

E.    ~~The Court awards additional attorney fees of $_____ pursuant to F.S. 57.105 for the Respondent/Former Husband's deliberate cause of delay in this~~

~~matter, to be paid directly~~ to Stephen R. Caplan, Esquire within _____ days of this

~~Order.~~ *Former Wife to prepare a pay money*

*judgment plus these fees & submit by mail to court. pn*

F.   The Respondent/Former Husband is again ordered to provide a response

to the Interrogatories within _____ days of this Order.

G.   Failure to comply with the above may subject the Respondent/Former

Husband to further sanctions including incarceration.

H.   This Court retains jurisdiction over the parties and the subject matter

herein.

DONE AND ORDERED in Chambers, Kissimmee, Osceola County, Florida this

23 day of September, 2003.

_____
HONORABLE ROGER J. McDONALD
Circuit Judge

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered

by facsimile transmission and by U.S. Mail Delivery to STEPHEN R. CAPLAN,

ESQUIRE, 31 North Hyer Avenue, Orlando, Florida 32801; BRIAN M. MARK,

ESQUIRE, 104 North Church Street, Kissimmee, Florida 34741; and JACK BENJAMIN

TRIMBLE, 2475 Narcoosee Road, St. Cloud, Florida 34771, this 23 day of

September, 2003.

_____
JUDICIAL ASSISTANT/ATTORNEY

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR OSCEOLA COUNTY, FLORIDA

IN RE: The Marriage of

DEBORAH J. TRIMBLE,

    Petitioner/Wife,

and

JACK BENJAMIN TRIMBLE,

    Respondent/Husband.

_____/

CASE NO: 9105
147

## MARRIAGE SETTLEMENT AGREEMENT

THIS AGREEMENT is made in Osceola County, Florida, between DEBORAH J. TRIMBLE and JACK BENJAMIN TRIMBLE. In consideration of the mutual undertakings herein contained, the parties agree as follows:

1.    **Date of the Marriage**: JACK BENJAMIN TRIMBLE and DEBORAH J. TRIMBLE were married on the 11TH day of June, 1983, at Las Vegas, State of Nevada, and ever since that time have been, and are now, Husband and Wife.

2.    **Children of the Parties**: No children were born to this marriage. None are expected or contemplated.

3.    **Separation of the Parties**: Unhappy differences have arisen between the parties and, as a result, Husband and Wife intend to live separate and apart from the other and desire to settle and adjust all matters relating to (a) their marital duties, (b) past, present, and future support of the other, (c) all property rights, both real and personal, they each may have by virtue of their marriage or otherwise, and (d) payments in the nature of alimony, child support and all other allowances which either may be entitled to in the event of a separation or dissolution of marriage.

4.    **Legal Proceedings**: A proceeding for the dissolution of the marriage of the parties will be filed in the Circuit Court of Osceola County, Florida.

5.    **Final Settlement**: The purpose of this Agreement is to effect a complete and final settlement, with reference to each other of:

    a.    An equitable distribution of the marital assets and liabilities.

DJT

1

JBT

CL 99132832

OR 1652/ 963

"Exhibit B"

b.  Any and all of the support obligations of each party for the support of the other party.

6.  **Consideration:**  The consideration for this Marriage Settlement Agreement is the mutual benefits to be obtained by each of the parties hereto and the covenants and agreements of each of the parties to the other. The adequacy of the consideration for all of the terms and conditions contained in this Marriage Settlement Agreement is stipulated and admitted by each of the parties.

7.  **Real Property:**

a.  During the marriage the parties purchased a home located at 5376 Majestic Island Circle, in St. Cloud, Florida, 34771, more particularly described as:

> Lot 22, MAJESTIC OAKS, according to the Plat thereof,
> as recorded and filed in Plat Book 2, Page 210 and 211,
> of the Public Records of Osceola County, Florida.

The Wife shall be the sole owner of said property. The Husband shall Quit Claim his interest in said property to the Wife within ten days of the execution of this Agreement.

b.  During the marriage the parties purchased a business known as "Big Jack's Pizza", a restaurant located at 2475 Narcoossee Road, in St. Cloud, Florida, 34771. The Husband shall be the sole owner of "Big Jack's Pizza."

8.  **Personal Property:**

a.  The parties agree that the Wife shall have exclusive use, possession and ownership of the Sylvan Pontoon boat. Husband will execute and deliver title and any other documents necessary to effect transfer of the Sylvan Pontoon boat to Wife within ten (10) days of execution of this agreement. Wife shall indemnify and hold Husband harmless on any liability for said boat.

b.  The parties agree that the Wife shall have exclusive use, possession and ownership of the 1989 Cadillac automobile. Husband will execute and deliver title and any other documents necessary to effect transfer of the 1989 Cadillac automobile to Wife within ten (10) days of execution of this Agreement. Wife shall indemnify and hold Husband harmless on any liability for said 1989 Cadillac automobile.

c.  The parties agree to divide their household items in the following manner: The Wife shall retain possession of and exclusive ownership interest in all

DJT

2

JBT

CL 99132832          OR    1652/ 964

of the furnishings and furniture presently located in the marital home located at 5376 Majestic Island Circle, in St. Cloud, Florida. The Wife shall indemnify and hold Husband harmless on any liability for said personalty.

d.  The Husband shall retain possession of and exclusive ownership interest in all of the furnishings, furniture, appliances, supplies and every other item of personalty associated with the restaurant Big Jack's Pizza

e.  Each party shall retain full ownership over any other personal property possessions presently in his or her possession.

9.  **Financial Accounts:**

a.  The parties agree that the Husband shall retain complete and exclusive ownership of the approximately 100 shares of Disney stock obtained during the marriage. Wife agrees to execute and deliver any documents necessary to effectuate a transfer of the stock, in its entirety, to the Husband.

b.  The parties further agree that the Wife shall retain complete and exclusive ownership in the 401K account presently in her name. It is further agreed that the Wife shall retain complete and exclusive ownership of the mutual fund held and serviced by Raymond James, which fund was jointly held by the parties prior to this Agreement, and is in the amount of approximately $3,000 (three thousand dollars). The Husband agrees to execute and deliver any documents necessary to effectuate a transfer of the mutual fund, in its entirety, to the Wife within 30 (thirty) days.

c.  Prior to the execution of this Agreement there exist (3) three separate joint checking accounts to which both Husband and Wife have rights and access. Within 10 days of the execution of this Agreement the parties agree to the following disposition of said joint checking accounts:

i) The Husband shall forfeit any and all rights and ownership interest in the joint checking account held at First Federal/Osceola for the purpose of processing the Wife's Fathers' disability payments. The account number for said account is: 0000000875721. Said account shall remain open and Husband agrees to execute and deliver any documents necessary to effectuate a transfer of the account, in its entirety, to the Wife.

ii) Each of the two remaining joint checking accounts shall be terminated and all remaining funds shall be equitably and evenly divided among the parties. One of the two abovementioned accounts is held at SunTrust Bank with an account number of: 0757757622385. The other abovementioned account is held at First Federal/Osceola with an account

DJT

3

JBT
IL52/ 965

number of 861820.            CL 39132832            OR 1652/966

c.    With the exception of the Husband's retention of the aforementioned Disney stock, and the Wife's retention of the aforementioned 401K and mutual fund, each party waives, disclaims and abandons any ownership interest, beneficial interest, or designation as a beneficiary under any other savings accounts, checking accounts, retirement accounts, 401K plans, employee savings and/or stock ownership plans, civil service or military pensions, individual retirement accounts, pension and profit-sharing plans, etc., which are in the name of and/or generated from the employment efforts of the other party.

10.   **Debts:** The parties agree as follows:

a.    The Wife assumes and agrees to hold Husband harmless for any indebtedness related to the first mortgage on the marital home held by GMAC, the 1989 Cadillac automobile, and the Sylvan pontoon boat.

b.    The Wife assumes and agrees to hold Husband harmless for any indebtedness related to her credit accounts with Spiegel -- account number: 241-414-2659; Visa #1 – 4039 4650 1499 1477; and Visa #2 – 4493 1110 1121 0243.

c.    The Husband assumes and agrees to hold Wife harmless for any indebtedness related to the business known as "Big Jack's Pizza" and any indebtedness related to the second mortgage on the marital home held by First Federal/Osceola.

d.    Each party shall be responsible for any debts in his or her own name.

11.   **Alimony:** The Husband hereby agrees to pay rehabilitative alimony to the Wife in the amount of $600.00 (six hundred dollars) per month for a period of thirty months. The first rehabilitative alimony payment is due 15 (fifteen) days after the execution of this Marital Settlement Agreement

12.   **Representation by Counsel:** The parties represent to each other that:

a.    Each party fully understands the facts as to his or her legal rights and obligations. Each is signing the Agreement freely and voluntarily, intending to be bound by it.

b.    Each party has made a full disclosure to the other of his or her assets and current financial condition.

c.    Each party understands and agrees that this Agreement constitutes the entire contract between the parties and supersedes any prior understanding or agreement. There are no representations or warranties other than those set forth in this Agreement.

DJT                                4                                JBT

d.  Each party is aware of the law of Florida with respect to the power of the Court under certain conditions to modify the terms of this Agreement (particularly with reference to matters of child custody and support).

e.  In the event of reconciliation, the parties understand that matters dealing with property division shall continue to be binding unless agreed to otherwise in writing.

f.  Each party has given careful and mature thought to the making of this Agreement.

g.  Each party has carefully read each provision of this Agreement.

h.  Each party fully and completely understands each provision of this Agreement, both as to the subject matter and legal effect.

i.  Both parties understand that Stephen R. Caplan is an attorney licensed to practice law in the State of Florida and that he is not representing both parties and may not represent both parties.    Stephen R. Caplan is representing the Wife, and the other spouse has been cautioned to obtain his own attorney.

13.    **Attorney Fees:** Husband and Wife agree to each pay 50 percent (50%) of Wife's fees of counsel, expenses and costs of Court.  Husband and Wife agree to each pay 50 percent (50%) for all Wife's legal, expert, consultant or service fees or expenses if any are incurred by her.

Husband further agrees to indemnify and hold Wife harmless from any demand, claim, loss, cost, and expense arising from his failure to pay all the fees and costs specified above.

14.    **Hold Harmless for Joint Returns Filed:** The parties have hereto executed joint tax returns.  Each party agrees to indemnify and hold the other harmless of all tax levies, assessments, fines and expenses arising as a result of his or her income or a disallowance of his or her deductions pertaining to such joint tax return.

15.    **Tax Advice:** The Husband and Wife both acknowledge that they have been advised by independent counsel that there may be substantial tax implications involved as a result of their entering into this Agreement.  The Husband and Wife both acknowledge that they have been advised to seek separate counseling or tax advice from a Certified Public Accountant or tax attorney and that they have had the opportunity to do so, and that upon signing this Agreement, are satisfied with any tax implications or expressly waive their right to seek independent advice or counseling in this regard.

16.    **Wife's Restoration of Former Name:** The parties agree that Wife shall be restored to her former name of DEBORAH JEAN MARR.

17.    **Effect of Reconciliation:** A reconciliation of the parties shall not affect the provisions of this Agreement that relate to property rights of the parties, but will abrogate those provisions relating to support matters.

CL 99132832                     OR   1652/ 967

DJT                             5                             JBT

CL 99132832    OR 1652/ 968

18.    **Separate Residences**: The parties at all times hereafter shall live separate and apart. Each party shall reside at a place of his or her choosing without interference from the other.

19.    **No Disturbance**: Neither party shall in any way harass or disturb the other or attempt to associate, cohabit or dwell with the other party.

20.    **Separate Ownership**: Each party shall own, free of any claim or right of the other, all of the items or property, real, personal, intangible, or mixed, which are now or under this Agreement will be owned by him or her or to which either of them may be beneficially entitled, with full power to dispose of the same as fully and effectual in all respects and, for all purposes, as if unmarried.

21.    **Subsequent Dissolution of Marriage:**

a.    Nothing contained in this Agreement shall be construed to prevent either party from obtaining dissolution of marriage in the State of Florida.

b.    In any such action, each party, provided the other is not in default under this Agreement, shall make no claim for alimony, equitable distribution, support for the children, attorney's fees or suit fees except in accordance with the provisions of this Agreement.

c.    This Agreement may be offered in evidence by either party in any such action, and, if acceptable to the Court, shall be incorporated by reference in the Judgment. Notwithstanding incorporation in this Judgment, this Agreement shall not be merged in it. This Agreement shall in all respects survive the decree or judgments as an independent contract and be forever binding and conclusive on the parties. This Agreement may be enforced independently of the decree or judgment.

22.    **Release**: Except as provided in this Agreement, each party releases the other from all claims and demands up to the date of the execution of this Agreement.

23.    **Execution of Documents**: Within ten (10) days of execution of this Agreement, each party shall execute, acknowledge and deliver all documents or instruments required to carry out the provisions of this Agreement. If either party fails on demand to comply with this provision, that party shall pay to the other all attorney fees, costs, and other expenses reasonably incurred as a result of such failure.

24.    **Modification**: This Agreement shall not be modified by the parties except by:

a.    An Agreement in writing duly subscribed and acknowledged with the same formality as this Agreement, or

b.    A Court order on appropriate pleadings. At least ten (10) days before any Court action is instituted, the party seeking modification of any of the terms of this Agreement shall submit the proposed modification of any of

DJT

6

JBT

CL 99132832        OR  1652/ 969

the terms of this Agreement to the other party in writing.

25.   **Waiver of Statutory and Common Law Rights**: Each party releases and relinquishes to the other any and all rights of dower, courtesy, homestead, spouse's statutory share or inheritance, as well as any other right or rights that they may now or hereafter have in the other party's real or personal property or estate by reason of the marriage relation, during the other party's lifetime or after the other party's death, and shall execute, acknowledge and deliver at the request of the other party or their legal representative, without cost or expense to the other party, all such instruments as may be necessary to effectuate this release.

The failure of a party to insist on strict performance of any of the provisions of this Agreement is not a waiver for the future of those provisions which shall continue in full force and effect.

26.   **Legal Interpretation**: The laws of Florida shall govern the validity, construction, interpretation and effect of this Agreement.

27.   **Possible Invalidity**: In case any provision or provisions of this Agreement should be held to be contrary to, or invalid under, the laws of any country, state or other jurisdiction, such illegality or invalidity shall not affect any other provisions hereof, all of which shall continue, nevertheless, to remain in full force and effect.   The provision or provisions which are held to be illegal or invalid in any country, state or other jurisdiction shall, nevertheless, remain in full force and effect in any country, state or jurisdiction in which such provision or provisions are legal and valid.

28.   **Binding Effect**: Except as otherwise stated herein, all of the provisions of this Agreement shall be binding upon and inure to the benefit of the respective heirs, next-of-kin, executors and administrators of the parties.

29.   **Mutual Release**: Subject to the provisions of this Agreement, each party hereby promises, releases and forever discharges the other of and from all cause or causes of action, claims, rights or demands, whatsoever, in law or in equity, which either of the parties hereto ever had, or now has, against the other except any or all cause or causes of action for divorce or separation action now pending, or hereafter brought by the other.

30.   **Waiver of Rights to the Other Party's Estate**: Except as otherwise provided, each party waives, releases and relinquishes all rights that he or she may now have or may hereafter acquire as the other party's spouse under the present or future laws of any jurisdiction:

    a.   to elect to take against any will or codicil of the other party now or hereafter in force;

    b.   to share in the other party's estate, except under a will or codicil dated subsequent to the date of this Agreement; and

    c.   to act as personal representative of the other party's estate.

31.   **Acceptance**:   Each party acknowledges that the provisions of this

DJT

7

JBT

CL 59132832          OR 1652/ 970

Agreement for their support and maintenance are fair, adequate, and satisfactory to them, and in keeping with their accustomed standard of living and their reasonable requirements. Each party accepts these provisions in full and final settlement and satisfaction of all claims and demand for alimony or for any other provision for support and maintenance, and fully discharges their spouse from all such claims and demands except as provided in this Agreement.

32.   **Credit Cards and Accounts to Be Closed**: All existing charge accounts and credit cards in the parties' names, or in the name of either of them under which the other may have extended credit for purchases, shall be terminated as of the date of the execution of this Agreement.

33.   **Change of Address – Notification:** The parties hereby agree that during such time as they owe or are entitled to any moneys from the other party, or there are minor children of the marriage, each will notify the other by certified mail of any change of address within fifteen (15) days of the date of such change.

34.   **Return of Books and Records**: Husband and Wife have previously produced for the other's inspection and copying records, documents and memoranda. Husband and Wife each agree to return to the other all of such records, documents and memoranda at the conclusion of this divorce action. Husband and Wife each agree to join the other and use best efforts in securing the return of said records, documents and memoranda.

35.   **Mandatory Disclosure:**    The parties hereby waive the mandatory disclosure requirements of Rule 12.285, Florida Family Law Rules of Procedure.

**IN WITNESS WHEREOF**, the parties hereto have hereunto set their respective hands and seals, hereby acknowledging that the provisions of this Agreement shall be binding upon their respective heirs, next-of-kin, executors and administrators.

DJT

8

JBT

WITNESSES AS TO THE HUSBAND

_____

_____
JACK BENJAMIN TRIMBLE

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing Martial Settlement Agreement was acknowledged before me this ⟶7 day of MAY . , 1999, by JACK BENJAMIN TRIMBLE, who is personally known to me or who has produced _____DC._____ as identification and who did (did not) take an oath.

SWORN TO AND SUBSCRIBED before me this 27 day of MAY 1999, 1999.

NOTARY PUBLIC

Sign _____
Print  OSCAR  R. LAMBERRA
Commission Number _____
Commission Expires _____

Oscar R. Lamberran
Commission # CC 818140
Expires Mar. 16, 2003
Bonded Thru
Atlantic Bonding Co., Inc.

CL 99132832          OR  1652/ 971

DJT

9

JBT

WITNESSES AS TO THE WIFE

_Cheri Snider_

_____    _Deborah J. Trimble_
                                 DEBORAH J. TRIMBLE

STATE OF FLORIDA
COUNTY OF ORANGE

          The foregoing Marital Settlement Agreement was acknowledged before me this _22_ day of _May_ ____, 1999, by DEBORAH J. TRIMBLE, who is personally known to me or who has produced _D.C._ ____ as identification and who did (did not) take an oath.

          SWORN TO AND SUBSCRIBED before me this _27_ day of _May._,
1999.

NOTARY PUBLIC

Oscar R. Rambharran
Commission # CC 818140
Expires Mar. 16, 2003
Bonded Thru
Atlantic Bonding Co., Inc,

Sign _____
Print _OSCAR R. RAMBHARRAN_
Commission Number _____
Commission Expires _____

CL 99132832          OR 1652/972

STATE OF FLORIDA; COUNTY OF OSCEOLA I HEREBY CERTIFY that the above and foregoing is a true copy of the original filed in this office
LARRY WHALE, Clerk Circuit Court
Dated _5-23-02_ By _____ D.C.

DJT

10

JBT

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR OSCEOLA COUNTY, FLORIDA

IN RE: The Marriage of            CASE NO: 99-001471-DS

DEBORAH J. TRIMBLE,

    Petitioner/Wife,

and

JACK BENJAMIN TRIMBLE,

    Respondent/Husband.

_____/

## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

THIS CAUSE, having come before this Court and the Court having received a Waiver of Court Appearance by Parties and a Final Hearing Sworn Testimony of the Petitioner, and having received evidence as to residency, and the Court being otherwise duly advised in the premises,

**FINDS** as follows:

1. The Court has jurisdiction over the parties and over the subject matter.

2. The Petitioner's name is DEBORAH J. TRIMBLE, and her address is 5376 Majestic Island Circle, St. Cloud, Florida 34771, whose Social Security Number is 104-468132.

3. The Respondent's name is JACK BENJAMIN TRIMBLE, and his address is 2475 Narcoossee Road, St. Cloud, Florida 34771, whose Social Security Number is 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.

4. The marriage between Petitioner, DEBORAH J. TRIMBLE, and Respondent, JACK BENJAMIN TRIMBLE, is irretrievably broken.

5. The parties have entered into a Marriage Settlement Agreement on May 27, 1999, which the Court accepts into evidence.

1

"Exhibit C "

It is therefore **ORDERED and ADJUDGED** as follows:

6.  The bonds of marriage between Petitioner, DEBORAH J. TRIMBLE, and Respondent, JACK BENJAMIN TRIMBLE, are hereby dissolved.

7.  The Petitioner shall have exclusive use, possession, and ownership of the marital home, Sylvan Pontoon Boat and the 1989 Cadillac automobile.

8.  The Respondent shall have exclusive use, possession, and ownership of the business known as "Big Jack's Pizza".

9.  Restoration of Petitioner's maiden name, DEBORAH JEAN MARR.

10. That the Court approves each and every other paragraph of the Marriage Settlement Agreement, and incorporates the same by reference into this Final Judgment of Dissolution of Marriage. Both parties are ORDERED to comply with said Marriage Settlement Agreement.

11. This Court reserves jurisdiction to enter further orders that may be necessary to enforce or modify this Final Judgment. Both parties are ordered to take whatever action is reasonable and necessary, and conduct themselves in a manner conducive with carrying out the intent and purpose of this Judgment.

DONE AND ORDERED in Kissimmee, Osceola County, Florida this 25 day of AUG, 1999.

_/S/Roger J. McDonald_
ROGER J. McDONALD
CIRCUIT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Final Judgment was furnished by U.S. Mail, first class, postage prepaid, this 25 day of AUG, 1999 to: STEPHEN R. CAPLAN, ESQUIRE, Attorney for the Wife, SouthTrust Bank Bldg., Suite 720, 135 W. Central Boulevard, Orlando, Florida 32801, and to JACK BENJAMIN TRIMBLE, 2475 Narcoossee Road, St. Cloud, Florida 34771.

ATTORNEY/JUDICIAL ASSISTANT

2

| | |
|---|---|
| 1. [ ] FHA   2. [ ] FMHA   3. [X] CONV. UNINS. | |
| 4. [ ] VA   5. [ ] CONV. INS. | |
| 6. FILE NUMBER: 02020428 | 7. LOAN NUMBER: 1533363216 |
| 8. MTG. INS. CASE NO.: | |

**NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked ("p.o.c.") were paid outside the closing; they are shown here for information purposes and are not included in the totals.

**NAME OF BORROWER:** GORDON VINCENT SMITH, TERRI SMITH

**ADDRESS:** 2569 HOLIDAY WOODS DRIVE, KISSIMMEE, FL 34744

**NAME OF SELLER:** DEBORAH TRIMBLE HUFF, F/K/A DEBORAH J. TRIMBLE

**ADDRESS:** 5376 MAJESTIC ISLAND CIRCLE, ST. CLOUD, FL 34771    **SELLER TIN:**

**NAME OF LENDER:** PARAGON HOMEFUNDING, INC.
670 N. ORLANDO AVENUE, SUITE 202
**ADDRESS:** MAITLAND, FL 32751

**PROPERTY LOCATION:** Lot 72 MAJESTIC OAKS SUBDIVISION
5376 MAJESTIC ISLAND CIRCLE ST. CLOUD FL 34771

**SETTLEMENT AGENT:** STEWART APPROVED TITLE, INC.    **PHONE NUMBER:** (407) 846-7477
**ADDRESS:** 1401 BUDINGER AVENUE
ST. CLOUD, FL  34769    **SETTLEMENT AGENT TIN:** 59-3196261
**PLACE OF SETTLEMENT:** STEWART APPROVED TITLE, INC.    **I. SETTLEMENT DATE**
**ADDRESS:** 1401 BUDINGER AVENUE
ST. CLOUD, FL  34769    Closing date: 03/26/02
Proration date: 03/26/02

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **9. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 1. Contract sales price | 158,000.00 | 401. Contract sales price | 158,000.00 |
| 1. Personal property | | 402. Personal property | |
| 3. Settlement charges to borrower(line 1400) | 3,973.13 | 403. | |
| 4. | | 404. | |
| 5. | | 405. | |
| Adjustments for items paid by seller in advance: | | Adjustments for items paid for seller in advance: | |
| 6. City/town taxes          to | | 406. City/town taxes          to | |
| 7. County taxes          to | | 407. County taxes          to | |
| 8. Assessments   HOA 03/26/02 to 03/31/02 | 4.93 | 408. Assessments   HOA 03/26/02 to 03/31/02 | 4.93 |
| 9. | | 409. | |
| 10. APRIL 2002 HOA DUES | 30.00 | 410. | |
| 11. | | 411. | |
| 12. | | 412. | |
| **20. GROSS AMOUNT DUE FROM BORROWER:** | 162,008.06 | **420. GROSS AMOUNT DUE TO SELLER:** | 158,004.93 |
| **10. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 21. Deposit or earnest money | 1,000.00 | 501. Excess deposit(see instructions) | |
| 22. Principal amount of new loan(s) | 125,100.00 | 502. Settlement charges to seller(line 1400) | 11,721.00 |
| 23. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 24. | | 504. Payoff of first mortgage loan     GMAC | 68,055.90 |
| 25. | | 505. Payoff of second mortgage loan   REPUBLIC | 6,341.37 |
| 26. 2ND MORTGAGE PROCEEDS | 25,000.00 | 506. | |
| 27. | | 507. | |
| 28. | | 508. | |
| 29. | | 509. | |
| Adjustments for items unpaid by seller: | | Adjustments for items unpaid by seller: | |
| 30. City/town taxes          to | | 510. City/town taxes          to | |
| 31. County taxes   01/01/02 to 03/26/02 | 402.15 | 511. County taxes   01/01/02 to 03/26/02 | 402.15 |
| 32. Assessments          to | | 512. Assessments          to | |
| 33. | | 513. | |
| 34. | | 514. | |
| 35. | | 515. | |
| 36. | | 516. | |
| 37. | | 517. | |
| 38. | | 518. | |
| 39. | | 519. | |
| **20. TOTAL PAID BY/FOR BORROWER:** | 151,502.15 | **520. TOTAL REDUCTION IN AMOUNT:** | 86,520.42 |
| **30. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 321. Gross amount due from borrower(line 120) | 162,008.06 | 601. Gross amount due to seller(line 420) | 158,004.93 |
| 322. Less amounts paid by/for borrower (line 220) | 151,502.15 | 602. Less total reductions in amount due seller(line 520) | 86,520.42 |
| **303. CASH [X FROM] [  TO] BORROWER:** | 10,505.91 | **603. CASH [X TO] [  FROM] SELLER:** | 71,484.51 |

SUBSTITUTE FORM 1099 SELLER STATEMENT—The information contained in Blocks E, G, H and I and on line 401 (or, if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

SELLER INSTRUCTION–If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide Stewart Approved Title, Inc. with your correct taxpayer identification number.

If you do not provide Stewart Approved Title, Inc. with your correct taxpayer identification number, you may be subject to civil or criminal penalties.

Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

Seller _____

*Exhibit "D"*

## L. SETTLEMENT CHARGES

| 07:30428 | | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | O FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|
| **TOTAL SALES/BROKER'S COMMISSION** Based on $ 158,000.00 @ | | % = | 9,135.00 | | |
| Division of Commission (line 700) as follows: | | | | | |
| $ 4,395.00 (less $345 HBW) | to FLORIDA PINES REALTY, INC. | | | | |
| $4,740.00 | to SIGNATURE GMAC REAL ESTATE | | | | |
| Commission paid at settlement | | | | | 9,135.00 |

| | ITEMS PAYABLE IN CONNECTION WITH LOAN. | | | | | |
|---|---|---|---|---|---|
| 1. Loan Origination fee | % | | | | |
| 2. Loan Discount | % | | | | |
| 3. Appraisal fee | to PARAGON HOMEFUNDING, INC. | -POCB 300.00 | | | |
| 4. Credit Report | to PARAGON HOMEFUNDING, INC. | -POCB 55.00 | | | |
| 5. Lender's inspection fee    /COURIER FEE | to CHASE MANHATTAN MORTGAGE CORP. | | | 30.00 | |
| 6. Mortgage Insurance application fee /COURIER | to PARAGON HOMEFUNDING, INC. | | | 25.00 | |
| 7. Assumption Fee    /FLOOD INI. | to FDSI | | | 13.00 | |
| 8. Underwriting Fee | to CHASE MANHATTAN MORTGAGE CORP. | | | 275.00 | |
| 9. Document Preparation | to CHASE MANHATTAN MORTGAGE CORP. | | | 195.00 | |
| 0. Tax Service Fee | to TRANSAMERICA | | | 70.00 | |
| 1. ADMIN. FEE PD BY CMMC TO PARAGON | to PARAGON HOMEFUNDING, INC. | -POCL 125.00 | | | |
| 2. YLD SPRD PD BY CMMC TO PARAGON | to PARAGON HOMEFUNDING, INC. | -POCL 2,502.00 | | | |

| | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE. | | | | | |
|---|---|---|---|---|---|
| 1. Interest from    03/26/02 to 04/01/02 | @$ 24.85000 /day 6 days | | | 149.10 | |
| 2. Mortgage insurance premium for | mo. to | | | | |
| 3. Hazard insurance premium for | 1 yrs. to PRUDENTIAL HOME | | | 572.00 | |
| 4. Flood Insurance | 1 yrs. to PRUDENTIAL FLOOD | | | 240.00 | |
| 5. | | | | | |

| | RESERVES DEPOSITED WITH LENDER | | | | | |
|---|---|---|---|---|---|
| 1. Hazard Insurance | 3 mo. @$ | 47.67 per mo. | | 143.01 | |
| 2. Mortgage insurance | mo. @$ | per mo. | | | |
| 3. City property taxes | mo @$ | per mo. | | | |
| 4. County property taxes | 7 mo. @$ | 145.62 per mo. | | 1,019.34 | |
| 5. Annual assessments (Maint.) | mo. @$ | per mo. | | | |
| 6. Flood Insurance 3 MOS @$20/PER MO | mo. @$ | per mo. | | 60.00 | |
| 7. | mo. @$ | per mo. | | | |
| 8. | mo. @$ | per mo. | | | |
| Aggregate Accounting Adjustment | | | | (561.37) | 0.00 |

| | TITLE CHARGES. | | | | | |
|---|---|---|---|---|---|
| 1. Settlement or closing fee | to STEWART APPROVED TITLE, INC. | | | | 100.00 |
| 2. Abstract or title search | to STEWART APPROVED TITLE, INC. | | | | 75.00 |
| 3. Title examination | to STEWART APPROVED TITLE, INC. | | | | 25.00 |
| 4. Title insurance binder | to | | | | |
| 5. Document preparation | to | | | | |
| 6. Notary fee | to | | | | |
| 7. Attorney's fee to | to | | | | |
| (includes above items No.: | | | | | |
| 8. Title insurance | to STEWART APPROVED TITLE, INC. | | | 250.00 | 865.00 |
| (includes above items No. : ) | | | | | |
| 9. Lender's coverage    125,100.00 | $    250.00 PROMULGATED 25 | | | | |
| 0. Owner's coverage    158,000.00 | $    865.00 | | | | |
| 1. Federal Express | to STEWART APPROVED TITLE, INC. | | | 40.00 | 40.00 |
| 2. Prom. End. FL 9 | to STEWART APPROVED TITLE, INC. | | | 89.00 | |
| 3. 5.1 AND 8.1 | to STEWART APPROVED TITLE, INC. | | | 50.00 | |
| 4. | to | | | | |

| | GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | | |
|---|---|---|---|---|---|
| 1. Recording fees:    Deed $ 7.00 Mtg $ 91.50 Rel $ | | | 98.50 | |
| 2. City/county tax/stamps: Deed $ Mtg $ 256.20 | | | 250.20 | |
| 3. State tax/stamps:    Deed $ 1,106.00 Mtg $ 437.85 | | | 437.85 | 1,106.00 |
| 4. Satisfaction Service Fee | to CLERK OF COURT | | | 50.00 |
| 5. ASSIGNMENT OF MORTGAGE | to CLERK OF THE CIRCUIT COURT | | 10.50 | |
| 6. | to | | | |

| | ADDITIONAL SETTLEMENT CHARGES | | | | | |
|---|---|---|---|---|---|
| 1. Survey    /ELEVATION | to SULLIVAN SURVEYING, INC. | | | 350.00 | |
| 2. Pest inspection | to BUDGET PEST CONTROL | | | 65.00 | |
| 3. FLOOD - LOL | to FDSI | | | 7.00 | |
| 4. PROCESSING FEE | to PARAGON HOMEFUNDING, INC. | | | 75.00 | |
| 5. HOMEBUYERS WARRANTY | to HOMEBUYER'S WARRANTY VI | | | | 345.00 |
| 0. TOTAL SETTLEMENT CHARGES (entered on lines 103, Section J and 502, Section K) | | | | 3,973.13 | 11,721.00 |

CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this action. I further certify that I have received a copy of HUD-1 Settlement Statement.

_____    _____
Borrowers                                  Sellers

In each of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and were disbursed by the undersigned as part of the settlement of this transaction.

_____    **MAR 2 6 2002**
Settlement Agent                              Date

CERTAIN MORTGAGE PURCHASER & STATEMENT: Seller's and Purchaser's intentional statement provision...

_____    _____
Purchasers/Borrowers                    Sellers